NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY A. KACHIKWU, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 05-CV-2995 (DMC) |
| LYDIA KING KACHIKWU, | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon *pro se* Plaintiff Anthony A. Kachikwu's ("Plaintiff") Complaint against Defendant Lydia King Kachikwu("Defendant"). After carefully considering the submissions of Plaintiff, and based upon the following, it is the finding of this Court that Plaintiff's Complaint is **dismissed without prejudice**, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### DISCUSSION

Rule 12(b)(2) provides for dismissal of a complaint for lack of jurisdiction over the person. Fed.R.Civ.P. 12(b)(2). Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, jurisdiction over the person is a threshold issue which the Court has an obligation to review, and the Court can dismiss cases *sua sponte* where it finds jurisdiction lacking. Kolocotronis v. Dupont Meds,

2002 WL 31643025, *3 (D.Del.2002).

A district court may exercise personal jurisdiction over nonresident defendants to the extent authorized under the law of the forum state in which the district court sits. Fed.R.Civ.P. 4(e).  This Court must apply the New Jersey long-arm statute to determine if personal jurisdiction exists over Defendant.  Pursuant to New Jersey's long arm statute, a federal court within the State can exercise personal jurisdiction over a defendant as far as permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. N.J. Sup.Ct. R. 4:4-4(c)(1).  However, long arm jurisdiction still must meet the constitutional requirements of due process. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir.1992).  Due process requires (1) that the defendant must have purposefully established minimum contacts with New Jersey, and (2) that requiring the defendant to defend this action in New Jersey does not offend notions of fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-78 (1985).  The plaintiff bears the burden of proving sufficient contacts to make the exercise of jurisdiction reasonable.  If the plaintiff makes this showing, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id. at 477.

Personal jurisdiction over a nonresident defendant can be either general or specific. Farino, 960 F.2d at 1221.  A court may find that the defendant has had sufficiently continuous and systematic contacts with the forum to support general jurisdiction. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1983).  Specific jurisdiction originates when the cause of action is related to or arises out of the defendant's contacts with the forum. Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 201 (3d Cir.1998).  A finding of specific

jurisdiction requires a court to determine that a defendant could have reasonably anticipated being sued in the forum by the nature of its conduct there, and that the exercise of personal jurisdiction would be consistent with notions of "fair play and substantial justice." <u>Angelo Fan Brace v. Allied Moulded Products</u> 2004 WL 884461, *1(E.D.Pa.2004) (internal citations omitted).

Giving Plaintiff the benefit of the most liberal construction of his pleadings that is possible, the Court finds that it has no personal jurisdiction over Defendant. In this case, Plaintiff has alleged no event, transaction or injury in this forum which is related to his claim. Plaintiff's mere desire to litigate his claim in New Jersey is not enough to confer jurisdiction over Defendant for claims arising from events not occurring within the state. In his Complaint Plaintiff has referred only to relevant events in Massachusetts. By admission of Plaintiff's own pleadings, Defendant is a resident of the state of Massachusetts and does not reside nor has ever resided in the state of New Jersey. Plaintiff has also failed to make any allegations that Defendant has had any contacts with the state of New Jersey. As such, this Court has no jurisdiction over the person of Defendant and must dismiss the case pursuant to Rule 12(b)(2).

## <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Plaintiff's Complaint is **dismissed without prejudice**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:         June 27, 2005
Original:     Clerk's Office
Copies:       All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File