NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY A. KACHIKWU, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> LYDIA KING KACHIKWU, : <br> : <br> Defendant. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 05-CV-2995 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before the Court upon motion by *pro se* Plaintiff Anthony A. Kachikwu ("Plaintiff") for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g), of the Court's Order dated June 27, 2005, dismissing Plaintiff's Complaint against Defendant Lydia King Kachikwu ("Defendant") for lack of personal jurisdiction. After carefully considering the submissions of Plaintiff, and based upon the following, it is the finding of this Court that Plaintiff's motion is **denied**.

## I. BACKGROUND

      On May 26, 2005, Plaintiff initiated the instant action against Defendant. On June 27, 2005, after reviewing the Complaint, this Court issued an Order *sua sponte* dismissing the action for lack of jurisdiction over the person of Defendant. On July 11, 2005, Plaintiff filed a motion for reconsideration of the Court's Order of dismissal. On July 15, 2005, Plaintiff filed an

amended motion for reconsideration.[1]

## II. DISCUSSION

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See U.S. v. Compaction Sys. Corp., 88 F.Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.). A motion pursuant to Local Rule 7.1(g) may be granted only if 1) an intervening change in the controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice. Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996)

The Court is quite cognizant of its obligation to hold pleadings drafted by a *pro se* litigant to a less exacting standard than those drafted by trained counsel, due to an understandable difference in legal sophistication. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, even giving Plaintiff the benefit of the most liberal construction of his papers that is possible, the Court finds that he has failed to meet the standards of Local Rule 7.1(g). Plaintiff has not demonstrated to the Court that 1) an intervening change in the controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice. Rather, Plaintiff merely expounds at length upon this Court's "precocious" dismissal of his Complaint while stringing together a number of Latin phrases, irrelevant and unrelated case citations, such as Bivens v. Six Unknown Named Agents

---

[1] Though Plaintiff filed an amended motion, the two motions are identical, save for the elimination of the word "intelligent" and the addition of the word "sadly" in Plaintiff's amended brief.

of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and references to abuses of judicial discretion throughout history.

As in his Complaint, Plaintiff fails to provide any evidence whatsoever, let alone evidence overlooked by or not available to this Court, of any personal contacts of Defendant with the forum State of New Jersey.  Plaintiff appears to confuse the notions of personal and subject matter jurisdiction.  As they represent two distinct notions with which Plaintiff must comply, his unsupported and blanket insistence that federal question jurisdiction exists over this action is of no avail to his claim that the Court has general personal jurisdiction over Defendant.  Plaintiff's mere desire to litigate his claim in New Jersey is simply not enough to confer jurisdiction over Defendant for claims arising from events not occurring within the state.  This Court has no jurisdiction over the person of Defendant, and Plaintiff has not made any showing sufficient to meet the stringent requirements of Local Rule 7.1(g).  His motion for reconsideration is denied.

## CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.


　S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      July 26, 2005
Original:  Clerk's Office
Copies:    All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File